## Bell's Estate

*A. L. Shapiro*, for appellants.
*Joseph L. Ehrenreich*, for respondents.

KLEIN, J., December 31, 1936.—Decedent died on September 5, 1906. A will dated April 7, 1906, was probated in Philadelphia on September 7, 1906, when letters testamentary were granted to George Chandler Bacon, the executor named in the will.

The executor filed his first account on November 25, 1907. An adjudication confirming this account was filed by the late Judge Dallett on January 16, 1908. A second account was filed by the executor on December 27, 1909, which was confirmed in an adjudication by Lamorelle, J., on April 14, 1910.

By petition dated January 31, 1910, one of the legatees requested the court to amend the first adjudication. The amendment was made by Judge Dallett on April 5, 1910.

Howard Bell, a nephew of decedent and a legatee named in the will, died in 1928. In 1936, almost 30 years after decedent's death, and eight years after the nephew's death, the present petitioners, who are his widow and daughter, instituted these proceedings. They ask to have the probate set aside on the ground that the testatrix was of unsound mind when the will was executed and that the probate was a fraud on the court.

The matter came before the court for argument upon preliminary objections in the nature of a demurrer pursuant to Rule of Court 15 (*E*) to the petition for citation sur appeal from the action of the register of wills.

A similar situation arose in Lowry's Estate, 26 D. & C. 200 (1936), in which preliminary objections were sustained. In that case, we said:

"The law is clear under the provisions of section 16 (*a*) and 21 (*a*) of the Register of Wills Act of June 7, 1917, P. L. 415, that the probate of a will or paper purporting to be a will or codicil thereto is conclusive unless an appeal is filed from the decree of the register within two years from the date of such probate or refusal.

"An exception has been made to this rule in cases of forged instruments. In such cases it has been held that there may be an appeal in the discretion of the court ex gratia: Culbertson's Estate, 301 Pa. 438 (1930). This exception, however, does not extend to appeals based on testator's lack of testamentary capacity, and the petitioner is barred from raising this question at this late date."

A study of the record discloses that attached to the petition filed in 1910, praying for the amendment of the first adjudication, is the written joinder of Howard Bell. The language of the joinder clearly indicates that he had full notice not only of the will in question, but of the proceedings in this court.

The present petitioners have no interest in this estate except through him. If he were alive today he clearly would be barred by his laches. Petitioners stand in his shoes and their rights can rise no higher than his.

We are not impressed by the ingenious argument advanced by petitioners' able counsel that the probate of the will was a fraud on the court and therefore should be set aside. Petitioners are seeking equitable relief. The old maxim of chancery, that equity serves the diligent and not the slothful, applies.

"Lapse of time and the staleness of a claim may constitute a defense in courts of equity even where no statute of limitations governs the case. This defense is peculiar to chancery courts, which in such cases act upon their own inherent doctrine of discouraging, for the peace of society, antiquated demands, and refuse to interfere where there has been gross laches in prosecuting the claim, or long acquiescence in the assertion of adverse rights": See Bispham's Principles of Equity (10th ed.) 67, and the cases there cited.

The lapse of almost three decades is a hurdle over which petitioners cannot blithely leap.

Having reached the conclusion that petitioners are barred by the laches appearing on the face of the record, we need not consider the technical objections to the petition raised by the preliminary objections.

The preliminary objections are therefore sustained. The decree of this court dated September 1, 1936, awarding citations as requested in the prayer of the petition is rescinded, and the prayer of the petition is denied. The appeal of Harriet Bell and Susan Super from the decree of the register of wills of September 7, 1906, admitting

684

to probate as the last will and testament of Elizabeth Bell a certain writing dated April 7, 1906, is dismissed and the record is remitted to the register of wills.